UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>SUMMIT FOOD SERVICE, DARREN YOUNG, JAY BAKER, JORDAN MOOSE, YIEN, and ADOLIO GARCIA.<br><br>Defendants. | 4:21-CV-04016-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

Plaintiff Charles Ray Johnson filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Johnson moves for leave to proceed in forma pauperis. Docs. 5, 11. He also moves to amend his complaint. Doc. 3.

## I. Motions to Proceed Without Prepayment of Fees

Johnson reports average monthly deposits of $40.00 and an average monthly balance of $50.00 in his prisoner trust account. Doc. 13. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " '[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Johnson's prisoner trust account, this Court grants Johnson leave to proceed without prepayment of fees and waives the initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). In order to pay his filing fee, Johnson must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Johnson's institution. Johnson remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

**II.    Motion to Amend**

Johnson moves to amend his compliant and add Yein and Adolio Garcia as defendants and alleges they are Supervisors for Summit Food Service at the South Dakota State Penitentiary. Doc.

3. Johnson's motion to amend, Doc. 3., is granted. Johnson's claims against Yein and Garcia will be considered in this Court's 28 U.S.C. § 1915A screening.[1]

### III.   Factual Allegations of Johnson's Complaint

Johnson had oral surgery before his confinement in the South Dakota State Penitentiary. Doc. 6 at 1. When Johnson arrived at the Jameson Annex, he made the medical staff aware of his need for a diet to accommodate his recent oral surgery. Id. Originally, Johnson was placed on a soft diet but was later switched to a mechanical soft diet. Id. Even after the medical staff told the kitchen staff that Johnson needed to be on the mechanical soft diet, Johnson still received the soft diet, or his plate contained food that did not comply with the mechanical soft diet. Id. Johnson alleges that having to eat a soft food diet is cruel and unusual punishment because he only has eight teeth on the bottom of his mouth and is still healing from oral surgery. Id.

Nurse Amy Campbell allegedly spoke with Yein, a supervisor for Summit Food Service, about Johnson's medical diet. Doc. 6-1 at 1. Yein allegedly said Johnson should receive a food substitution for something that he cannot eat on the soft tray. Id. On February 8, 2021, Johnson received correspondence from a Health Services Staff Member stating there was an order from the provider showing that Johnson should receive a mechanical soft diet and that an email was sent to the person who was in charge of Summit Food Services. Id. at 3. Johnson claims that Adolio Garcia, an employee or supervisor for Summit Food Services, has control of the kitchen and that Garcia claimed he did not have a diet sheet for Johnson. Id. at 20. He alleges that Garcia has been informed of his medical diet but continues to give him the improper food. Id. Johnson also asserts that the Summit Food Defendants have violated his right to equal protection under

---

[1] This Court will refer to Yein, Garcia, and Summit Food Service collectively as "Summit Food Defendants."

the law because he was not treated the same as other inmates. Doc. 1 at 2. He also alleges a state-law claim of intentional inflection of emotional distress. Id.

Warden Darren Young has allegedly discriminated against Johnson and Unit Coordinator Jordan Moose has denied Johnson access to the court by not responding to his kites. Id. at 4. Johnson requested six legal envelopes to file a civil lawsuit and the address to the Federal Clerk of Court's Office. Id. He allegedly only received five legal envelopes and did not receive the address. Id.[2] Johnson claims his kites are being denied because of his race. Id. He asserts that Moose retaliated against him by refusing to grant his grievances and this denial was a violation of due process right. Id. at 6. Johnson also claims that Moose did not schedule Johnson's allotted phone time during his requested hours. Id. at 7. He asserts Moose's actions have hindered his ability to communicate with the outside world. Id. Johnson claims Young has failed to train his staff on several issues. See id. at 9-10. He seeks three million dollars in monetary damage. Doc. 1 at 4.

## IV. Discussion

### A. Screening and Dismissal Standards

Johnson proceeds pro se, so this Court is obligated under 28 U.S.C. § 1915A to screen the complaint; in doing so, this Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d

---

[2] A copy of Johnson's January 26, 2021 Kite Request shows that the address for the Federal Clerk of Court's Office was provided. Doc. 6-1 at 18.

1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### B. Johnson's Causes of Action

#### 1. Claims Against the State of South Dakota

Johnson sues Darren Young, Jay Baker, and Jordan Moose. Doc. 1 at 2. He has not specified in what capacity he is suing Young, Baker, and Moose. Id.; Doc. 6. This Court treats the claims against them as only in their official capacities. See Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). These individuals work for the South Dakota Department of Corrections. Id. As the Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against

the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the State itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. See Pearson v. Callahan, 555 U.S. 223, 242-43 (2009). Here, Johnson seeks three million dollars in monetary damages. Doc. 1 at 4. Johnson has effectively asserted a claim for money damages against the State of South Dakota. The State of South Dakota has not waived its sovereign immunity. Thus, Johnson cannot sue Young, Baker, and Moose in their official capacities for money damages because they protected by sovereign immunity. Johnson does not seek injunctive relief, so his claims against Young, Baker, and Moose are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).[3]

### 2. Equal Protection

Johnson claims that the Summit Food Defendants violated his right to equal protection under the law. Doc. 6 at 2. In order to establish an Equal Protection claim, an inmate must show that he was treated differently from similarly situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right. Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 815 (8th Cir. 2008). Here, Johnson merely states that Summit Food

---

[3] Because Young, Baker, and Moose are entitled to sovereign immunity this Court need not address the specific claims against them.

Defendants did not treat him the same as other inmates. Doc. 6 at 2. He does not allege facts to support that the treatment was based on a suspect classification or a fundamental right. Indeed, much of Johnson's compliant actually claims that he deserved to be treated differently than other inmates due to his unique dietary needs, which the Defendants met only in part. Thus, Johnson's Equal Protection claim against Summit Food Defendants is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### 3. Eighth Amendment

Johnson claims that his Eighth Amendment right to be free from cruel and unusual punishment has been violated by Summit Food Defendants because they have allegedly not given him the mechanical soft foot diet necessary for his post-oral surgery care. Doc. 6 at 1.

A "prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.'" Olson v. Bloomberg, 339 F.3d 730, 735 (8th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. More specifically, a prisoner must allege " '(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)).

"A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)). To demonstrate deliberate

indifference, " '[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.' " Jolly, 205 F.3d at 1096 (quoting Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)). "Deliberate indifference may be manifested . . . by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (citing Estelle, 429 U.S. at 104-05).

Here, a nurse spoke with Yein, a supervisor for Summit Food Service, about Johnson's medical diet. Doc. 6-1 at 1. Yein allegedly said Johnson should receive a food substitution for something that he cannot eat on the soft tray. Id. "In the *section 1983* context, supervisor liability is limited. A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions." Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1994). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. Iqbal, 556 U.S. at 676. Johnson has not alleged facts to support that Yein's individual actions interfered with his diet.

Further, Johnson's allegations against Garcia do not amount to a constitutional violation. He claims that Garcia knew he should receive the mechanical soft food diet. Doc. 6 at 20. Garcia allegedly said he did not have a diet sheet for Johnson, and Johnson continued to receive soft food. In order to establish a constitutional violation, Johnson must allege facts to show that Garcia is "intentionally interfering with prescribed treatment." Meloy, 302 F3d at 849. Johnson has not alleged facts to support that Garcia's actions were intentional; at most they support negligence or gross negligence, which is not sufficient. Jolly, 205 F.3d at 1096. Thus, Johnson's

serious medical need claim against Summit Food Defendants is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### 4. Intentional Infliction of Emotional Distress

Finally, Johnson raises a state-law intentional inflection of emotional distress claim. Doc. 6 at 2. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction when the court "has dismissed all claims over which it has original jurisdiction[.] Id. at § 1367(c)(3). Because Johnson's constitutional claims against Defendants have been dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), this Court denies to exercise supplemental jurisdiction over Johnson's state-law intentional infliction of emotional distress claim.

## V. Strike

Johnson's complaint fails to state a claim upon which relief may be granted. Johnson's complaint is dismissed without prejudice and judgment will be entered in favor of the Defendants. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Although Johnson has been a frequent filer of complaints that have been dismissed, his order is Johnson's first recorded strike under 28 U.S.C. § 1915(g).

## VII. Order

Accordingly, it is

ORDERED that Johnson's motion for leave to proceed in forma pauperis, Doc. 5, is granted. Johnson's second motion for leave to proceed in forma pauperis, Doc. 11, is denied as moot. If is further

ORDERED that Johnson's motion to amend, Doc. 3, is granted. It is further

ORDERED that Johnson's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is finally

ORDERED that this action constitutes a strike against Johnson for purposes of the three-strike rule under 28 U.S.C. § 1915(g). This is Johnson's first recorded strike.

DATED April 6th, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE