UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>SUMMIT FOOD SERVICE, DARREN YOUNG, JAY BAKER, JORDAN MOOSE, YIEN, and ADOLIO GARCIA.<br><br>Defendants. | 4:21-CV-04016-RAL<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff Charles Ray Johnson filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened and dismissed Johnson's complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Doc. 15. Johnson was assessed his first record strike under 28 U.S.C. § 1915(g). Id. at 10. On April 6, 2021, judgment was entered in favor of Defendants and against Johnson. Doc. 16. Johnson filed a notice of appeal, moves to amend his complaint, and moves for leave to proceed in forma pauperis on appeal. Docs. 17, 18, 19.

I.  **Motion to Amend**

Although his complaint was dismissed and judgment was entered, Johnson moves to amend his complaint. Doc. 17. He asks that the Clerk of Court send him a blank § 1983 form "so that he may amend his original complaint if [his] motion to amend complaint is granted." Id. Johnson did not attach a proposed amended complaint. See id. In fact, his motion does not give any detail about what claims he intends to amend. Id.

"Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal." Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823 (8th Cir. 2009). A motion for leave to amend after judgment has been entered will not be granted unless the motion "is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743 (8th Cir. 2014).

The court " 'may not ignore [Federal] Rule [of Civil Procedure] 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits.' " Id. at 743 (quoting United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823-24 (8th Cir. 2009). A court may deny a party leave to amend when there are compelling reasons such as: " 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003) (quoting Becker v. Univ. of Nebraska, 191 F.3d 904, 907-08 (8th Cir. 1999)). A "[d]enial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." Moody v. Vozel, 771 F.3d 1093, 1095 (8th Cir. 2014) (internal quotation omitted). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Here, Johnson did not provide the Court with an amended complaint and does not give any direction on which claims he seeks to amend. His motion is futile.

Next, "[m]otions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018) (quoting United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006)). Rule 60(b)'s relief is even narrower, requiring the moving party to show "'exceptional circumstances' warranting 'extraordinary relief.'" Mask of Ka-Nefer-Nefer, 752 F.3d at 743 (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)). Here, Johnson's motion is so bare that it does not give this Court anything to consider. Thus, he has not shown he is entitled to relief under Rule 59(e) or Rule 60(b). Johnson's complaint was dismissed without prejudice and he may file a new lawsuit if he wishes to correct deficiencies. Johnson's motion to amend, Doc. 17, is denied.

## II. Motion for Leave to Proceed In Forma Pauperis on Appeal

Johnson filed a notice of appeal and moves for leave to procced in forma pauperis. Docs. 16, 17. Under the Prison Litigation Reform Act, a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "'the moment the prisoner . . . files an appeal.'" Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). "'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.'" Id. (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who

appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." Id. (citing Newlin v. Helman, 123 F.3d 429, 432 (7th Cir. 1997)).

In Henderson, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

> (A)  the average monthly deposits to the prisoner's account; or
> (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). It appears that Johnson's appeal is taken in good faith. Because his prisoner trust account report, Doc. 20, shows an average monthly deposit of $30.00 and an average monthly balance of $40.00, the Court finds that § 1915(b)(1) applies and waives his initial partial filing fee.

Therefore, it is hereby

ORDERED that Johnson's motion to amend, Doc. 17, is denied. It is further

ORDERED that Johnson's motion for leave to proceed in forma pauperis on appeal, Doc. 19, is granted. It is finally

ORDERED that the institution having custody of Johnson is directed that whenever the

amount in Johnson's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

DATED May 5th, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE